IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
~~NORTHERN~~ Eastern DIVISION

| | |
|---|---|
| IRENE WASSERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ACTION NO.: 3:07-cv-1091-WKW |
| | ) |
| GREGORY LONG, Executive Director, | ) |
| Federal Retirement Thrift Investment | ) |
| Board, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF SUBSTITUTION

PLEASE TAKE NOTICE that pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679), the United States is hereby substituted for the individual defendant, Gregory Long, with respect to the plaintiffs' state law cause of action. The grounds for this substitution are:

1. Plaintiff alleges that defendant Gregory Long, Executive Director, Federal Retirement Thrift Investment Board, and/or unnamed employees of the Thrift Savings Plan (TSP), an entity subject to the supervision of the Federal Retirement Thrift Investment Board, while acting within the line and scope of their employment, negligently failed to follow the plaintiff's instructions regarding certain financial transactions. The plaintiff seeks an award of damages to compensate for the losses alleged to have resulted from the actions of Gregory Long and/or unnamed employees of

the TSP.

2.  The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (1988) ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). This provision is applicable to the allegations of plaintiff's complaint.

3.  Section 6 of the Federal Employees Liability Reform and Tort Compensation Act provides that upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as sole defendant with respect to those claims. 28 U.S.C. § 2679(d)(1), (2). The Attorney General has delegated certification authority to the United States Attorneys. 28 C.F.R. § 15.3 (1991).

4.  The United States Attorney for the Middle District of Alabama has certified that at the time of the conduct alleged, defendant Gregory Long and/or the unnamed employees of the TSP were acting within the scope of their employment. See Certification of Scope of Employment attached to this Notice of Substitution.

For the foregoing reasons, by operation of law, the United States has been substituted as the sole defendant with respect to the causes of action alleged in the plaintiffs' complaint. The Court is respectfully referred to the Certification of Scope of Employment filed contemporaneously with this Notice.

Respectfully submitted this 14th day of December, 2007.

                LEURA G. CANARY
                United States Attorney

By: /s/ R. Randolph Neeley
                R. Randolph Neeley
                Assistant United States Attorney
                Bar Number: #9083-E56R
                Attorney for Defendant
                United States Attorney's Office
                Post Office Box 197
                Montgomery, AL  36101-0197
                Telephone: (334) 223-7280
                Facsimile:  (334) 223-7418
                E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2007, I filed the foregoing with the Clerk of the Court, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following:

>Irene Wasserman
>4554 Notasulga Rd.
>Tallassee, AL 36078

_____
Assistant United States Attorney

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
~~NORTHERN~~ Eastern DIVISION

| | |
|---|---|
| IRENE WASSERMAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) ACTION NO.: 3:07-CV-1091-WKW |
| | ) |
| GREGORY LONG, Executive Director, | ) |
| Federal Retirement Thrift Investment | ) |
| Board. | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATION OF SCOPE OF EMPLOYMENT**

I, Leura G. Canary, United States Attorney for the Middle District of Alabama, United States Department of Justice, acting pursuant to the provisions of 28 U.S.C. § 2679, and by virtue of the authority vested in me by 28 C.F.R. § 15.3, hereby certify that defendant, Gregory Long, was acting within the scope of his federal office or employment as Executive Director, Federal Retirement Thrift Investment Board, at the time of the incident(s) out of which this claim arises. I have been apprised of the facts giving rise to this action and make this certification on the basis of the information now available to me with respect to the incident referred to in the complaint.

Dated this 14th day of December, 2007.

_/s/ Leura G. Canary_
LEURA G. CANARY
United States Attorney
SJIS #GAR030