IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE WASSERMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | ACTION NO.: 3:07-CV-1091-WKW |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S MOTION TO DISMISS**

COMES NOW Defendant the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure, moves this Court to dismiss Plaintiff's claims for lack of subject-matter jurisdiction. In support of this motion, the United States advances the following grounds:

1. Plaintiff brings tort claims against Gregory Long, Executive Director, Federal Retirement Thrift Investment Board, and/or unnamed employees of the Thrift Savings Plan (TSP), claiming damages from allegedly tortious conduct which allegedly occurred during and in relation to the processing of certain financial transactions involving the TSP account of Irene Wasserman. *See* Complaint.

2. The United States Attorney has certified that Mr. Long and/or unnamed employees of the TSP were acting within the scope of their federal office or employment at the time of the accident giving rise to plaintiff's claims. The Attorney General's scope-of-employment certification, which has been filed contemporaneously herewith in this matter, has

the effect of removing this action from State court and substituting the United States as party Defendant. 28 U.S.C. 2679 (d)(2). *See also, Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1168-71 (11th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999).

3. Pursuant to 28 U.S.C. § 2679 (d)(4), this action shall proceed as one against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits and exceptions.

4. This Court lacks subject-matter jurisdiction because Plaintiff has not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. § 2675 (a). Before a tort suit against the United States may be commenced, an administrative claim must first be presented to and denied by the appropriate federal agency. *Id.* The FTCA's administrative claim requirement is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-113 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994). The administrative claim requirement cannot be waived. *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237 (11th Cir. 2002). The Supreme Court has made is absolutely clear that "[t]he FTCA bars claimants from brining suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113.

5. The Westfall Act specifically contemplates that failure to comply with the FTCA's administrative claim requirement mandates dismissal. 28 U.S.C. § 2679 (d)(5).

6. Plaintiff has not filed an administrative claim with the Federal Retirement Thrift Investment Board or any other federal agency. Accordingly, this Court lacks subject-matter jurisdiction.

7. In addition, the Federal Retirement Thrift Investment Board, and/or unnamed employees of the Thrift Savings Plan (TSP) are not a proper party Defendants in this action. An action against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of federal agencies or employees. 28 U.S.C. § 2679 (a); (b)(1). "It is beyond dispute that the United States and not the responsible agency or employee is the proper party Defendant in a Federal Tort Claims Act Suit." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). "A FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's claims against Federal Retirement Thrift Investment Board, and/or unnamed employees of the Thrift Savings Plan (TSP)

**WHEREFORE**, Plaintiff's claims against Gregory Long, Executive Director, Federal Retirement Thrift Investment Board, and/or unnamed employees of the Thrift Savings Plan (TSP) should be dismissed in their entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 14th day of December, 2007.

                LEURA G. CANARY
                United States Attorney

By: _____
      R. Randolph Neeley
      Assistant United States Attorney
      Bar Number: #9083-E56R
      Attorney for Defendant
      United States Attorney's Office
      Post Office Box 197
      Montgomery, AL  36101-0197
      Telephone: (334) 223-7280
      Facsimile:  (334) 223-7418
      E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2007, I filed the foregoing with the Clerk of the Court, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following:

      Irene Wasserman
      4554 Notasulga Rd.
      Tallassee, AL 36078

      _____
      Assistant United States Attorney