December 24, 2007

District Court of the United States
For the Middle District of Alabama
Eastern Division

Attn:  Susan Russ Walker
       United States Magistrate Judge

RE:  SM 2007 000341    Action No. 3:07-CV-1091-WKW
     SM 2007 000342    Action No. 3:07-CV-1092-WKW

This is in response to the attached **Order** with a response due January 7, 2008.

**Irene H. Wasserman and Robert N. Wasserman have not received any copies of (Document #4) stating an Order to Dismiss by the United States dated December 18, 2007.** Also, On **December 19, 2007**, a review of documents received at the Alabama Judicial Data Center did not reveal any such document in our small claim files. The following documents are the only ones received as of December 24, 2007.

      1.  **MOTION TO CONSOLIDATE** submitted by Leura G. Canary on **December 17, 2007.**

      2.  **CORPORATE/CONFLICT DISCLOSURE STATEMENTS** submitted by Randolph Neeley on **December 19, 2007.**

      3.  **ORDER FOR CONSOLIDATION** submitted by Keith Watkins on **December 21, 2007.**

      4.  **SAMPLE NOTICE FORMAT OF CONFLICT DISCLOSURE STATE** for Irene H. Wasserman submitted by Mark E. Fuller, Myron H. Thompson and Keith Watkins with a date of being done on **JUNE 12,2007.   This document also has confusing information stating that the Court's Order (Civ. Misc. No. 00-3047 ENTERED ON FEBRUARY 16,2007 is VACATED.)**

According to the document prepared by the Alabama Administrative Office of Courts dated June, 1996, a plaintiff has the right to file a claim limited to $3000 in small claims court. No where in this document does it state that govenment agencies are exempt from claims being filed. A defendent has 14 days to complete the Answer form and file the Answer with the Clerk of the Small Claims Court.

On December 19, 2007, Applications , Affidavit, and Entry of Default were filed against Mr. Gregory T. Long since the Alabama Judicial Data Center had not received any answer or response up to that date.  Mr. Long had been served with complaint **SM 2007 000341 on 11/28/07 and SM 2007 00342 on11/30/07.**

Attached you will find the following documents:

          (a)  Fax to TSP Service dated 11/22/06 12:27 p.m.
          (b)  Letter to Mr. Gregory T. Long dated September 15, 2007
          (c)  Letter to Mr. Gregory T. Long dated October 21, 2007
          (d)  General Information and Instructions Form TSP-75 (10/2005)
          (e)  SAMPLE NOTICE FORMAT OF CONFLICT DISCLOSURE STATE
for Irene H. Wasserman submitted by Mark E. Fuller, Myron          H.
Thompson and Keith Watkins with a date of being done on **JUNE 12,2007 .**
           **An attached sticker requested a signature and the sample was signed by Irene H. Wasserman on 12/24/07.**

*Handwritten annotations:* WASSErmAN V. USA    2:07 CV 1091    RECEIVED    JAN - 2 2008    CLERK DISTRICT COURT OF ALA.

1. The TSP Plan allows for **ONLY ONE AGE-BASED WITHDRAWAL.** According to form TSP-75 General Information and Instructions provided for the plan, there are two ways to request an age-based in-service withdrawal. I followed the instructions in Number 2.    I used the TSP Web Site to complete the withdrawal request OF **ONLY ONE COMPUTER ENTRY, on November 22, 2007.** Since the computer system did not allow for any documentation of my telephone discussions of wanting the money put in my account in January, 2007, which was my planned retirement date, I proceded to print out the form and provided the additional documentation on my fax. On page 10 of Managing your TSP Account  TSPLF12 (8/2003), It states you can print out the partially completed form and mail it. I choose to fax it with the additional information. **This fax was not read until November 28th after I called the ThriftLine to check that all required information was received.**

2. If my fax of **November 22th** was considered a duplicate request, **why did someone not call me on 11/22/06.  I did not receive notification on November 23rd stating I had made this request without  a computer entry, and I did not have enough money in my account to honor a duplicate request?**  Also, when my fax was finally read on the 28th after I called, **why was there no notification to my spouse of the duplicate request as required by the plan?**  On page 4 of Withdrawing your TSP Account dated July 2004, **it states you should allow several weeks between the time that you submit your completed request and the time that payment is received.**

**The Birmingham TSP Office staff did not manage my only one age-based withdrawal request in a proper manner.** In phone conversations, I could never get a name of someone in authority nor are any letters I received signed with an appropriate contact person. When I received literature identifying Mr. Gregory Long as the Director in Birmingham, I sent a letter dated September 15, 2007 stating what had happened to me and requested a meeting. My husband and I agreed to travel to Birmingham for this meeting. I did not receive any reply. I sent another letter on October 21, 2007 with a required reply date of **November 2, 2007**,  I received a reply dated **November 5, 2007** without any person's name or acknowledgement of my request for a face-to-face meeting.

As a retired government employee who is still a participant in the TSP retirement plan, I will not accept this kind of behavior as being appropriate.  I believe it needs to be corrected.  My husband and I have both suffered because of poor management of our retirement funds.  If this case is not going to be presented in Alabama Small Claims Court, then I believe the $3000 limit per claim does not apply.  If the motions to consolidate are approved, I want the U. S. District Court to know that damages suffered by my husband and I, as a married couple, are in excess of $10,000.  I am requesting any forms required to be filled out in order to have our case heard in Court.  I will await and complete any documentation required once received by you or the Alabama Judicial Data Center.

Respectfully submitted on December 24, 2007.

*Irene H. Wasserman*
Irene H. Wasserman

*Robert N. Wasserman*
Robert N. Wasserman



## Department of
## Veterans Affairs

# VHA FAX TRANSMITTAL

This transmission is intended for the use of the person or office to whom it is addressed and may contain information that is privileged, confidential, or protected by law.

All others are hereby notified that receipt of this message does not waive any applicable privilege or exemption from disclosure and that any dissemination, distribution, or copying of this communication is prohibited.

If you have received this communication in error, please notify us immediately at the telephone number shown below. Thank you.

# Central Alabama Veterans Health Care System



TO: _TSP Service_

FAX NUMBER ☐ FTS ☐ COMMERCIAL
_1-866-817-5023_

DATE:

NO. PAGES
ATTACHED
Cover+

SUBJECT: _Age Based Withdrawal_

FROM: _Irene Wasserman_

TELEPHONE NUMBER ☐ FTS ☒ COMMERCIAL
_334-727-0550 ext 3070_

NOTES:

_I am requesting this withdrawal to be done in January, 2007._

_Thanks_

## Transmission Report

(a)

| | | | |
|---|---|---|---|
| **Date/Time** | 11-22-2006 | 12:28:14 p.m. | **Transmit Header Text** |
| **Local ID 1** | 334 275 | | Local Name 1    quality management |
| **Local ID 2** | | | Local Name 2 |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"



**Total Pages Scanned : 3**          **Total Pages Confirmed : 3**

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 910 | Fax Server | 12.27.00 p.m. 11-22-2006 | 00.00.48 | 3/3 | 1 | EC | HS | CP28800 |

**Abbreviations:**

| | | | |
|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system    G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report    EC: Error Correct |



September 15, 2007


Gregory T. Long
Executive Director
Federal Retirement Thrift Investment Board
P.O. Box 385021
Birmingham, AL 35238

Dear Mr. Long,

In November, 2006, I decided to make an Age-Related Withdrawal from my thrift account since I was contemplating retirement from federal service. From the materials available to me, I understood that there was a process in place which required approval, notification of spouse, etc. to take place before I would receive any money. I called the Birmingham office and informed your employee of my plan to have my withdrawal in January, 2007 as I planned my retirement for February, 2007. **The young lady I spoke to was very kind and helpful. She directed me to** your computer program and talked me through the program up to the point of needing my bank's direct deposit account number. Since I did not have my check book at work, I thanked her and felt comfortable enough to complete the computer transaction at a later date. When I completed my request, I noted that there was not any available place in the computer program to state I wanted my withdrawal to be in January, 2007. Therefore, I made a copy of the computer printout and faxed it to your office on the same day of the computer entry, stating this withdrawal was to be done in January.

After the Thanksgiving holiday, I called your office to check if I had entered all the information properly. I was told that the money I requested had been deposited in my bank account. Needless to say, I was very upset since I did not want the money until January, 2007 due to the income tax implications while I was presently employed. I asked to speak to a supervisor, but I was not provided any alternatives or support. When I asked who I could write to, I was told the Director of the Board with no name provided.

**The 2006 tax implications for me were severe.** I am very angry over the treatment and the handling of my account. I believe I was very clear with my directions to your staff verbally and in writing. Your staff sent me a letter acknowledging my fax with a statement deeming it was denied as a **second age-related withdrawal request.** This was absurd since there wasn't enough money in my account to cover a second request. If they were not sure of what I wanted, they certainly could have called and clarified my request before taking money from my account. This was gross mismanagement of my account.

I received your letter providing information on security enhancements. I would also recommend future enhancements regarding deposit withdrawals and instructions. I do not believe that I am the only federal employee who may have suffered financially by using the computer system for a withdrawal.

When I contacted the Birmingham office by phone, I should have been told that if I want a withdrawal in January, I need to enter my request in January, otherwise, all requests are processed immediately.

When my fax was received by your office, I should have been called or had a letter sent to me requesting clarification of the SECOND REQUEST.

I strongly feel a need to resolve my anger at my treatment by your office, so I am requesting a meeting with someone in authority who can meet with my husband and me to explain what other additional steps I could have taken to have made my age-related withdrawal a success. Although we live in Tallassee, my husband and I will come to Birmingham for the meeting. I do not want to take any additional steps or bad mouth the system until I am provided with information as to what could have been done better on my part. Your prompt attention to this matter will be appreciated.

Sincerely,


Irene H. Wasserman
4554 Notasulga Road
Tallassee, Alabama 36078
334-283-6271

October 21, 2007


Gregory T. Long
Executive Director
**Federal Retirement Thrift Investment Board**
P.O. Box 385021
Birmingham, AL 35238

Dear Mr. Long,

It has been over a month, and I still have not had a reply by letter or phone to my request for a meeting with you or your staff in Birmingham.  If I do not hear from you or someone in authority by **COB Friday, November 2, 2007,** I will take it that you are not interested in discussing my concerns regarding the TSP computer system and communication abilities of your Birmingham staff.


Sincerely,


Irene H. Wasserman
4554 Notasulga Road
Tallassee, Alabama 36078
334-283-6271

## GENERAL INFORMATION AND INSTRUCTIONS

Use this form to request a one-time only age-based in-service withdrawal of all or a portion of your vested account balance. You must be a TSP participant age 59½ or older and currently employed by the Federal Government to request an age-based withdrawal.

Before completing this form, read the booklet *TSP In-Service Withdrawals* and the tax notice "Important Tax Information About Payments From Your TSP Account." If you do not have these materials, download them from the TSP Web site (www.tsp.gov), or obtain copies from your agency or the TSP Service Office.

**Note:** You should **not** complete this form if you have previously made an age-based in-service withdrawal. Only one age-based in-service withdrawal is allowed.

### There are two ways to request an age-based in-service withdrawal:

1. Complete this form and mail it to the TSP Service Office.
   **Note:** If the TSP receives information from your agency indicating that you separated from Federal service before your in-service withdrawal request is completed, your request for an in-service withdrawal will be cancelled; you will then be eligible for a post-employment withdrawal.

   **or**

2. Use the TSP Web site to begin (and, in some cases, complete) your in-service withdrawal request. If your request cannot be completed on the Web because additional signatures, information, or documentation is needed, you may print out a partially completed form at the end of your online session. Review the form, complete any missing information, and provide any required signatures and documentation. **Do not change or cross out** any of the preprinted information resulting from your entries on the Web; the form may not be accepted for processing if you do.

After completing your age-based in-service withdrawal request form, make a copy for your records. Mail the original to:

> **TSP Service Office**
> **P.O. Box 385021**
> **Birmingham, AL 35238**

Or fax the completed form to our toll-free fax number:
> **1-866-817-5023**

If you have questions, call the (toll-free) ThriftLine at 1-TSP-YOU-FRST (1-877-968-3778) or the TDD at 1-TSP-THRIFT5 (1-877-847-4385). Outside the U.S. and Canada, please call 404-233-4400 (not toll free).

**SECTION I.** Complete Items 1 – 8. **The address you provide on this form will not be used to update the address in your TSP account record.** If the address in your TSP account record is not correct, contact your agency employing office immediately — only your agency can change your TSP address while you are still employed by the Federal Government. If you are not certain what address is shown for your TSP account record, you can check your address on the TSP Web site. You will need your Social Security number and your 4-digit TSP Personal Identification Number (PIN) to access your account information.

If you are married (even if separated from your spouse), provide your spouse's Social Security number and name in Items 9 and 10. By law, spouses' rights apply to all age-based in-service withdrawals from your TSP account, as follows:

### Spouses' Rights for Age-Based In-Service Withdrawals

| Classification | Requirement | Exceptions |
|---|---|---|
| FERS | Spouse must provide notarized consent to the age-based in-service withdrawal. | Whereabouts unknown or exceptional circumstances |
| CSRS | Spouse must be notified of the request for an age-based in-service withdrawal. | Whereabouts unknown |

**SECTION II.** If you are a **married CSRS participant**, you must also complete the information about your spouse's address so that he or she can be notified of your withdrawal. If you do not know your spouse's whereabouts, check Item 16 and submit Form TSP-16, Exception to Spousal Requirements, and the required documentation with this form.

**SECTION III.** If you are a **married FERS participant**, complete this section. Your spouse must consent to an age-based in-service withdrawal from your TSP account by signing and dating Items 17 and 18. Your spouse's signature must be notarized (Item 19).

After you separate from Federal service and are ready to withdraw the remainder of your account, your spouse has the right to a joint and survivor annuity with a 50% survivor benefit, level payments, and no cash refund, unless your spouse waives his or her right to that annuity. In consenting to the in-service withdrawal, your spouse acknowledges that any amount disbursed now will not be available later for the purchase of such an annuity.

If you cannot obtain your spouse's signature because his or her whereabouts are unknown or you believe exceptional circumstances apply, check the box in Item 20 and submit Form TSP-16, Exception to Spousal Requirements, and the required documentation with this form.

**SECTION IV.** You may withdraw a specified amount of $1,000 or more, or your entire vested account balance. Use a whole dollar amount only. If you request a specific dollar amount and it is more than your vested account balance, you will receive your entire vested account as long as it is at least $1,000. If your vested account balance is less than $1,000, you must request your entire vested account.

**Transfer Option.** You may elect to transfer all or a portion of your age-based in-service withdrawal payment to a traditional IRA or an eligible employer plan. Payments that are not transferred directly to an IRA or plan are subject to **mandatory 20% Federal income tax withholding**. Read the tax notice "Important Tax Information About Payments From Your TSP Account" for detailed tax rules affecting payments from your TSP account.

**SAMPLE NOTICE FORMAT**

**Note:** When E-Filing this pleading, please enter a separate docket entry. The event entry is located on CM/ECF by clicking: **CIVIL > OTHER DOCUMENTS > CORPORATE DISCLOSURE STATEMENT** A **screen-fillable** Adobe Acrobat PDF form, which can be saved and E-Filed, is available on-line; it is available at http://www.almd.uscourts.gov/docs/CONFLICT_DISCLOSURE_STATEMENT_FILLABLE.pdf

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

Irene H. Wasserman )
                            )
Plaintiff,              )
                            )
v.                         )    CASE NO. _3:07CV 1091_
                            )
Gregory T. Long / USA )
                            )
Defendants,            )

## CONFLICT DISCLOSURE STATEMENT

COMES NOW ~~Irene H. Wasserman~~ [Plaintiff/Defendant] in the above-captioned matter, and in accordance with the order of this Court, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

- [X] This party is an individual, or

- [ ] This party is a governmental entity, or

- [ ] There are no entities to be reported, or

- [ ] The following entities and their relationship to the party are hereby reported:

Reportable Entity                        Relationship to Party

_____           _____

_____           _____

_____           _____

_____           _____

12/24/07
Date

Signature _Irene H Wasserman_
Counsel

_____
Counsel for (print names of all parties)

_____
Address, City, State Zip Code

_____
Telephone Number

Also requires a certificate of Service

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Civil Misc. No 00-3047

**ORDER**

**CONFLICT DISCLOSURE STATEMENT**

In compliance with Fed. R. App. P. 26.1, Fed. R. Bankr. P. 1007(a)(1) and 7007.1, Fed R.

Civ. P. 7.1, and Fed. R. Crim. P. 12.4, and other considerations which require judges to avoid

conflicts of interest with unnamed corporations, partnerships, limited liability entities, joint ventures,

trust entities, and other entities which may be related to parties to actions in this court, it is

ORDERED that this court's order (Civ. Misc. No. 00-3047) (Doc. # 2) entered February 16,

2007, is hereby VACATED. It is further ORDERED as follows:

1. All parties (including individuals and governmental entities) shall file a statement

identifying all parent companies, subsidiaries, partners, limited liability entity members and

managers, trustees (but not trust beneficiaries), affiliates, or similar entities that could potentially

pose a financial or professional conflict for a judge. The statement shall be filed with a party's first

appearance. If there are no reportable relationships, that fact shall be certified in the filing.

2. In addition to this requirement which applies to all cases, all bankruptcy appeals shall be

accompanied by a statement identifying the debtor, the members of creditors' committee, any entity

which is an active participant in the proceedings, and other entities whose stock or equity value may

be substantially affected by the outcome of the proceedings.

3. It is the responsibility of each party to a case to file a supplemental disclosure statement

if, during the pendency of the case, additional reportable entities develop that would have been

reportable initially.

4. This rule shall become effective on the date of filing, and shall apply to all cases pending in this court after that date.

DONE this 12th day of June, 2007

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE


/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE


/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE