December 29, 2007

United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

Attn: Susan Russ Walker
     United States Magistrate Judge

RE: SM 2007 000341    Action No. 3:07-CV-1091-WKW
     SM 2007 000342    Action No. 3:07-CV-1092-WKW

RECEIVED
2008 JAN -2 A 10: 48
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

This is in Response to the MOTIONS TO SET ASIDE DEFAULT JUDGMENTS by Leura G. Canary received today by Robert and Irene Wasserman.

Attached to these MOTIONS were NOTICE OF REMOVAL documents which state they were filed on December 14, 2007 and copies were sent to the us. **Unfortunately, until today, we never received these documents, nor were there any on file in the Alabama Judicial Data Center when we checked on December 19 and December 26, 2007.** On the 19th, we provided the Alabama Clerk with copies of our responses to any District Judges or Attorneys. On the 26th, we were responding to the ORDER issued by you on December 21, 2007, so we specifically had the clerk cross check for any **documents issued on December 14, 2007 and nothing with that date was present in our small claim files.** Since timely written notice was not provided to Irene or Robert Wasserman and the Alabama Judicial Data Center, I do not see how the Alabama Court can be "*divested of jurisdiction*" on December 14, 2007.

Also, in documents submitted by the following: Leura G. Canary, United States Attorney
                                          R. Randolph Neeley Asst. U.S. Attorney
                                          Keith Watkins, United States District Judge
                                          Myron H. Thompson, United States District Judge
                                          Mark Fuller, Chief United States District Judge

**My husband and I have not been provided any evidence which negates the gross mismanagement of my retirement account by the Birmingham TSP Service office.** All we have received are letters from attorneys and judges moving **management issues, not crimes,** from an Alabama small claims court **upward** to a U. S. District Court. There seems to be something wrong with this system.

I am enclosing a copy of Alabama's Small Claims Court document prepared by the Alabama Administrative Office of Courts, June 1996. Before we filed our claims, I did as suggested, write to Mr. Long on September 15, 2007 and never received a reply to my request for a meeting.
**No where in this document does it state government agencies are exempt from claims in Small Claims Court.** If all of the above listed Judges and Attorneys are stating that government agencies are exempt, then the Alabama document presented to citizens needs to be changed by the Alabama Chief Justice.

I have also noted inconsistent listing of the Defendant in the Actions. In the page done by Susan Russ Walker on December 21, 2007, the Defendant is listed as the United States of America. My husband and I love the United States of America and as a Korean War Veteran, my husband has fought for the United States.

We are suing the Director of the Federal Retirement Thrift Saving Plan, Gregory Long. Mr. Long needs to review the management of his Birmingham office. In spite of the onslaught of legal papers sent to us by various judges and attorneys, we believe problems for future retiring federal employees, including military personnel, need to be avoided by recognizing errors and correcting problems which can be caused by required government paper shuffling. The only way this can happen, is by making people responsible for their actions, and by people caring to do a good job.

Therefore, we request the MOTION TO SET ASIDE DEFAULT JUDGMENT be denied.

Respectfully submitted this 31st day of December, 2007.


_Irene H. Wasserman_                    _Robert N. Wasserman_
Irene H. Wasserman                       Robert N. Wasserman

## WHAT IS SMALL CLAIMS COURT?

The Small Claims Court is a special civil division of the District Court where individuals as well as businesses can settle disputes and disagreements. The maximum amount you may sue or be sued for is **$3,000**. Procedures are simple, informal, and inexpensive. There are no juries and you may appear before the judge with or without an attorney.

## SHOULD YOU FILE A SMALL CLAIMS CASE?

Before you file a claim, you should contact the person or business you plan to sue and attempt to settle your dispute out of court. This effort may save you both time and money.

You should also find out if the person or business you plan to sue has any money or assets to pay your claim, if you should win. Otherwise, you may have a difficult time collecting on a court judgment. Remember, it is up to you—not the court—to take further legal action against the person or business if they do not pay the judgment.

## WHO CAN USE THE SMALL CLAIMS COURT?

An individual who has reached the age of 19, a partnership, or a corporation may file a claim, with or without an attorney. If a partnership files without an attorney, the person representing the partnership must be a partner or employee of the partnership. If a corporation files without an attorney, the **person representing the corporation must be an officer or full-time employee of the corporation**.

## HOW DO YOU FILE A SMALL CLAIMS CASE?

You or your attorney should go to the Small Claims Division of the District Court in the county where the person or business you wish to sue lives or has an office and file a **Statement of Claim (Complaint)** form. The clerk has this form.

Having filed a complaint, you then become the "plaintiff" in the case and the person you are suing is the "defendant." You must furnish the court the correct and complete address of the defendant.

The clerk will assign your case a number and you should use this number whenever you contact the court concerning your case.

You must pay a filing fee at the time the claim is filed. If you cannot afford to prepay this fee, you can fill out an Affidavit of Substantial Hardship form and ask the judge to delay payment. You may obtain this form from the court clerk.

The court clerk cannot give you legal advice.

## WHAT HAPPENS AFTER THE CLAIM IS FILED?

The clerk will send a copy of the Statement of Claim (Complaint) and a **Defendant's Answer** form to the person or business you have named as the defendant.

Once served with a Statement of Claim (Complaint), the defendant has 14 days to complete the Answer form and to file the Answer with the Clerk of the Small Claims Court.

If the defendant fails to file an Answer within 14 days after being served, you may ask the clerk of the court to enter a Default Judgment against the defendant.