# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IRENE WASSERMAN, )<br>ROBERT WASSERMAN, )<br>    )<br>    Plaintiffs, )<br>    )<br>v.   ) | Action No.: 3:07-cv-1091-WKW |
| )<br>UNITED STATES OF AMERICA, )<br>    )<br>    Defendant. ) | |

## UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE
## TO UNITED STATES' MOTION TO DISMISS

COMES NOW Defendant, the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and replies to the plaintiffs' response(s) to the defendant's Motion to Dismiss, as follows:

**I.   Introduction.**

Since the filing of the defendant's Motion to Dismiss the plaintiffs have filed three documents ostensibly in response. On January 2, 2008, the plaintiffs' filed a document dated December 24, 2007 and entered on this Court's docket as Document 11 (doc. 11). Also on January 2, 2008, this Court received a document dated December 29, 2007 (doc. 13). The plaintiffs filed another document dated January 4, 2008 which was received by this Court on January 7, 2008 (doc. 15). Finally, the plaintiffs filed a response pursuant to this Court's order of January 9, 2008 (doc. 18).

From these documents it appears the plaintiffs seek a favorable resolution of the

defendant's Motion to Dismiss and/or the lawsuit on the basis of: A) not having timely received copies of the defendant's motions and other documents; B) their September 15, 2007 correspondence to Gregory Long equated to an administrative claim; C) the entry of default judgment against Mr. Long by the Small Claims Court of Tallapoosa County, Alabama; and D) the federal agency did not advise them of the necessary procedures to file an administrative claim under the Federal Tort Claims Act.

**II.  Arguments and Citations of Authority.**

*A)  The Plaintiffs' have been properly served with all filings in both Courts.*

All papers filed by the defendant in both the Small Claims Court of Tallapoosa County, Alabama and the United States District Court for the Middle District of Alabama were served upon the plaintiffs in accordance with the rules of civil procedure applicable to each court.

*1.  Alabama Court Filings*

In the courts of Alabama, "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the attorney or the party or by mailing it to the attorney or the party at the attorney's or party's last known address, . . . , [s]ervice by mail is complete upon mailing."  Rule 5 (b), Alabama Rules of Civil Procedure.

Copies of the documents filed by the defendant in the Small Claims Court of Tallapoosa County, Alabama, the Notice of Filing Removal and the Motion to Set Aside Default Judgment, were sent via US mail to the plaintiffs at 4554 Notasulga Rd,

Tallassee, AL 36078, on the dates indicated in the filings. *See*, Attachment 1 (Notice of Filing Removal, No. SM-07-341, Irene Wasserman), Attachment 2 (Motion to Set Aside Default Judgment, No. SM-07-341, Irene Wasserman), Attachment 3 (Notice of Filing Removal, No. SM-07-342, Robert Wasserman), Attachment 4 (Motion to Set Aside Default Judgment, No. SM-07-342, Robert Wasserman). As these were all placed in the US mail on the date indicated on the filing, service of the documents upon the plaintiffs was properly completed.

    2.    *United States District Court for the Middle District of Alabama Filings*

Like the Alabama Rules, the federal rules allow for service of filings and other papers upon opposing parties via the US mail. Particularly, Rule 5(b)(2)(C), states, "[a] paper is served under this rule by:, . . . , mailing it to the person's last known address--in which event service is complete upon mailing." Courts interpreting this provision have held that the mailing constitutes "adequate constructive service," and that, "[n]onreceipt of the notice does not affect its validity." J.D. Pharmaceutical Distributors, Inc. v. Save-On Drugs & Cosmetics Corp., 893 F.2d 1201, 1208 (11th Cir.1990), and Carter v. McGowan, 524 F.Supp. 1119, 1121 (D.C.Nev., 1981), *citing,* 2 Moore's Fed. Prac. § 5.07, 4 Wright & Miller, Fed. Prac. and Proc. § 1148.

In this matter the defendant has filed numerous papers in this Court. A review of each document indicates that they were served upon the plaintiffs at 4554 Notasulga Rd. Tallassee, AL 36078, the address provided by the plaintiffs to this Court, as well as the

defendant. The papers having been placed in the US mail on the dates indicated therein constitutes service upon the plaintiffs and the non-receipt of same is not a basis upon which to grant the plaintiffs any relief or to disregard the filing.

> **B.** ***The plaintiffs' letter(s) to Mr. Long do not constitute a proper administrative claim under the Federal Tort Claims Act (FTCA).***

It appears the plaintiffs are asserting that their correspondence of September and October, 2007, to the defendants constituted an administrative claim for the purposes of the FTCA. While these letters express the plaintiffs' concerns with the manner in which their financial transaction was handled, they fall far short from making a claim of any kind against the defendant. Even assuming the letters make a claim as opposed to a request to meet and discuss what had occurred, the letters clearly do not contain a request for a payment of money or damages, that is, they do not request a sum certain.

The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims which allows the government to be sued by certain parties under certain circumstances...." Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir.1994). However, "[a] federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency," . . . , which "must be filed within two years from the time the claim accrues and must be "accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); 28 U.S.C. §§ 2675, 2401(b). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves

the district court without jurisdiction to hear the case." Suarez, 22 F.3d at 1065.

While the Eleventh Circuit Court of Appeals has stated that it takes "a somewhat lenient approach to the 'sum certain' requirement," Tidd v. United States, 786 F.2d 1565, 1567 n. 6 (11th Cir.1986), a claim must at a minimum, "expressly claim a sum certain or provide documentation which will allow the agency to calculate or estimate the damages to the claimant." Suarez, 22 F.3d at 1066.  The plaintiffs' letters to Mr. Long make no reference to a sum certain nor did they contain any documentation from which the agency could have estimated or calculated the damages allegedly sustained by the plaintiffs as a result of the agency's actions / inactions.  Having failed to provide such, the plaintiffs did not make an administrative claim within the meaning of the FTCA.

   ***C.***  ***The Small Claims Court lacked jurisdiction over the matter at the time it entered its default judgment against the defendant(s).***

On December 14, 2007, the defendant filed in the United States District Court for the Middle District of Alabama a Notice of Removal of this cause from the Small Claims Court of Tallapoosa County and filed a Notice of Filing Removal in the Small Claims Court of Tallapoosa.  The Notice of Filing Removal was entered on the docket of the Small Claims Court of Tallapoosa County on December 19, 2007.

Title 28, United States Code, Section 1446(d) states, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of

such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Therefore, "removal was effectuated," and "the state trial court was divested of jurisdiction," effective December 19, 2007. *See,* Weinrib v. Duncan, 962 So.2d 167, 169 (Ala. 2007). Given the "absence of an order of remand," the Small Claims Court had no jurisdiction to act on December 26, 2007, when it entered its default judgment. Id.

### D. The plaintiffs, like all citizens, are presumed to know the law, thus the defendant had no obligation to advise them of same.

The plaintiffs assert the Motion to Dismiss is due to be denied because the defendant failed to provide them information regarding the administrative process. This argument is meritless as, "[a]ll citizens are presumptively charged with knowledge of the law." Atkins v. Parker, 472 U.S. 115, 130, 105 S.Ct. 2520, 2529 (U.S.1985), *citing*, North Laramie Land Co. v. Hoffman, 268 U.S. 276, 283, 45 S.Ct. 491, 494, 69 L.Ed. 953 (1925). Moreover, the plaintiffs have identified no authority that this presumption is not herein applicable as they have produced no authority demonstrating the defendant had some responsibility for explaining the administrative process to them.

WHEREFORE, premises considered, the defendant's Motion to Dismiss is due to be and should be granted.

Respectfully submitted this the 25th day of January, 2008.

          LEURA G. CANARY
          United States Attorney

By: s/R. Randolph Neeley
    R. RANDOLPH NEELEY
    Assistant United States Attorney
    Bar Number: 9083-E56R
    Post Office Box 197
    Montgomery, AL  36101-0197
    Telephone No.: (334) 223-7280
    Facsimile No.: (334) 223-7418
    E-mail: **rand.neeley@usdoj.gov**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

Irene & Robert Wasserman
4554 Notasulga Rd.
Tallassee, AL 36078

          s/R. Randolph Neeley
          Assistant United States Attorney