IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE H. WASSERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:07-cv-1091-WKW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| | ) | |
| ROBERT WASSERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-1092-WKW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

These consolidated cases are presently before the court on the motions to dismiss filed by the United States (Doc. # 4 in both cases). The *pro se* plaintiffs, Irene and Robert Wasserman, filed an initial response to the motions on January 2, 2008 (Doc. # 11, 13) and a supplemental response on January 7, 2008 (Doc. # 15). Because plaintiffs advised the court that they had not received copies of the Notice of Substitution or the motions to dismiss until January 4, 2008, the court allowed plaintiffs an additional period of time to respond. Plaintiffs' final response to the motions to dismiss was filed on January 15, 2008 (Doc. # 18). Upon consideration of the motions and plaintiffs' responses, the court concludes that the motions to dismiss are due to be granted.

**BACKGROUND**

Plaintiff Robert Wasserman commenced this action against Gregory T. Long – Executive Director, Federal Retirement Thrift Investment Board – and an unnamed Birmingham Thrift Savings Plan (TSP) office manager in the small claims court of Tallapoosa County on November 15, 2007. He alleges that he is entitled to the sum of $3,000.00 because "the [Birmingham] office staff failed to notify [him] of what they viewed as two (2) age based withdrawal request of $70,000 each.[1] The neglect caused by lack of notification as required by the TSP plan caused [him] to incur an extra 2006 tax of $5,210." (Complaint attached to Doc. # 1 in Case No. 07-1092).

Plaintiff Irene Wasserman also filed an action against Long and an unnamed Birmingham Thrift Savings Plan (TSP) office manager in the small claims court of Tallapoosa County, seeking judgment in the amount of $3,000.00.[2,3] She alleges that the Birmingham TSP office failed to honor her verbal and written request to have her one allowed age-based TSP withdrawal of $70,000 completed in January 2007. According to plaintiff, the "mismanag[e]ment of [her] retirement account resulted in a tax of $16,621 of which $5,210 was [her] responsibility." (See Complaint attached to Doc. # 1 in Case No. 07-

---

[1] Other pleadings of record make clear that this alleged withdrawal was from the account of plaintiff's wife, Irene Wasserman.

[2] The unnamed office manager was not identified and, thus, was not served with process in either of the small claims court cases.

[3] Plaintiffs assert that their actual loss was in excess of $10,000, but that they each alleged $3,000 in damages because they filed their actions in small claims court.

1091).

On December 14, 2007, the United States removed both actions to this court, asserting that the cases were removable pursuant to 28 U.S.C. § 1442(a)(1) because they were brought "against an officer and/or agency of the United States for any act under color of such office." (Doc. # 1 in both actions, Notice of Removal, ¶ 2). At the same time, the United States filed Notices of Substitution, substituting the United States for the individual defendant, Gregory Long, with respect to plaintiffs' state law causes of action. The United States attached the certification of the United States Attorney for the Middle District of Alabama that Gregory Long was acting within the scope of his federal office at the time of the incident(s) out of which plaintiffs' claims arise. (Doc. # 3 in both actions). Thereafter, the United States filed the present motions to dismiss (Doc. # 4 in both actions), and the court ordered consolidation of the two cases for all purposes (Doc. # 6 in Case No. 07-1092 and Doc # 8 in Case No. 07-1091).

## DISCUSSION

The Federal Tort Claims Act (FTCA) provides that an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property caused by the negligent or wrongful act of any government employee acting within the scope of his employment, unless the claimant has first presented a claim to the appropriate federal agency and, thereafter, the claim is either denied or not disposed of within six months. 28

U.S.C. § 2675(a).[4]  The exhaustion of administrative remedies by filing a claim is a jurisdictional prerequisite to filing an action for money damages under the FTCA.  McNeil v. United States, 508 U.S. 106, 112-113 (1993); Lykins v. Pointer, Inc., 725 F.2d 645 (11th Cir. 1984);  Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981).

Defendant argues that the court lacks jurisdiction over plaintiffs' claims because they have not filed an administrative claim with the Federal Retirement Thrift Investment Board or any other federal agency.

> The FTCA is a specific, congressional exception to the general rule of sovereign immunity.  It allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.  Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded by the courts.
>
> A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency.  28 U.S.C. § 2675(a).  That claim is required to be "accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."

Suarez v. United States, 22 F.3d 1064, 1065-66 (11th Cir. 1994)(citations omitted).[5] Additionally, the statute requires that the claim have been denied by the agency, either actually or constructively, before the claimant may initiate a lawsuit:

---

[4]  The claim must be presented to the agency, in writing, within two years after it accrues. 28 U.S.C. § 2401(b).

[5]  See also 28 C.F.R. § 14.2 ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . .").

4

> An [FTCA] action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Plaintiffs do not allege in their complaints that they have filed administrative claims with any federal agency. In response to the motion to dismiss, they point to Irene Wasserman's September 15, 2007 letter to Long (attached to Doc. # 11), apparently contending that this letter suffices as an administrative claim. They further argue that the motion is due to be denied because: (1) plaintiffs never were provided with information regarding filing an administrative claim against the agency; and (2) the Tallapoosa County small claims court was not divested of jurisdiction on December 14, 2007 – because the notice of removal was not filed in state court or served on the plaintiffs – and the state court has entered a default judgment against Long.

<u>Validity of the Removal and Effect of the Default Judgment</u>

Because plaintiff's latter argument goes to this court's removal jurisdiction, the court addresses it first. Notices of removal were filed in this court on December 14, 2007. A removing defendant is required to give notice to adverse parties and to file a copy of the notice of removal in state court "promptly" after the filing in this court; once the defendant has done so, the state court "shall proceed no further unless and until the case is remanded." <u>See</u> 28 U.S.C. § 1446(d). The notices of removal filed in this court include certificates of

service, signed by counsel for the United States, indicating that the pleading was mailed to the plaintiffs by United States Postal Service on December 14, 2007. (See Doc. # 1 in both cases). There is no evidence that these pleadings were not mailed, but only that plaintiffs did not receive them. As defendant argues, service of a pleading by mail is complete upon mailing (Fed. R. Civ. P. 5(b)(2)(C)). Thus, even if plaintiffs did not receive the documents, service upon them was complete on December 14, 2007. Cf. Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632-33 (11th Cir. 1988)). The United States has filed copies of the notices of removal it filed in plaintiffs' small claims court actions, both bearing stamps indicating that they were received by the state court clerk's office on December 19, 2007. See Attachments 1 and 3 to Doc. # 21. The docket sheets for both small claims court cases include docket entries also indicating that the defendant's notice of removal was filed on December 19, 2007. (Attachments 5 and 6 to Doc. # 21). Thus, pursuant to 28 U.S.C. § 1446, removal to this court was effected properly, and the state court was without jurisdiction to proceed when it entered default judgments in both cases one week later, on December 26, 2007.[6]

## Plaintiff's Letter to Long

On September 15, 2007, plaintiff Irene Wasserman sent a letter addressed to Gregory Long. (See Attachment B to Doc. # 11). In the letter, she explains the circumstances giving

---

[6] Plaintiffs have not filed a motion to remand in this case, but have argued the procedural issues discussed above in opposition to the government's motions to dismiss. (See Doc. ## 13, 15). The court declines to construe plaintiff's responses as a motion to remand because it is apparent, for the reasons set forth above, that such a motion would be without merit.

rise to the claims she and her husband now bring against the defendant. She stated that the agency's "gross mismanagement" of her account – specifically, its action in effecting her age-related thrift account withdrawal in 2006, rather than waiting until January 2007 as she requested – resulted in "severe" tax implications for her. However, nowhere in the letter does plaintiff mention the amount of her increased tax liability, nor does she provide sufficient facts or documentation to allow a calculation or estimation of the amount of her damages. As noted above, to support the jurisdiction of this court to entertain an FTCA action, an administrative claim must be "'accompanied by a claim for money damages *in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.'" Suarez, *supra*, 22 F.3d at 1065-66 (emphasis added)(citing 28 C.F.R. § 14.2(a)). "[T]he FTCA requires, at a minimum, that a claimant expressly claim a sum certain or provide documentation which will allow the agency to calculate or estimate the damages to the claimant." Suarez, *supra*, 22 F.3d at 1066 (citation omitted). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." Id. at 1065 (citations omitted). Since the plaintiffs have not filed an administrative claim as required by the FTCA, this court lacks jurisdiction over plaintiffs' claims in this case.

<u>Agency's Failure to Notify Plaintiffs of FTCA's Administrative Claim Procedures</u>

Plaintiffs appear to contend that the government's motion to dismiss should be denied because, despite Irene Wasserman's letter to Long, defendant failed to notify her of the

administrative claim process. (Doc. # 15, p. 1; Doc # 18, p. 1). The failure of Long or his agency to inform plaintiff of the process for filing an administrative claim under the FTCA does not estop the United States from asserting the administrative claim requirement as a jurisdictional bar to plaintiffs' claims. See Sanz v. U.S. Sec. Ins. Co., 328 F.3d 1314 (11th Cir. 2003)("[T]he Supreme Court consistently has denied efforts by litigants to estop the Government from raising defenses based on claimants' failure to comply with governmental procedures due to misinformation from government agents. . . . The Supreme Court's decisions indicate that even if estoppel is available against the Government, it is warranted only if affirmative and egregious misconduct by government agents exists. . . . In this case, Sanz has failed to allege any misconduct on the part of Security that rises to the level necessary to overcome the obstacles to equitable estoppel. The fact that Security failed to inform Sanz of the proof of loss requirement is insufficient to establish liability.")(citations omitted); Cadwalder v. United States, 45 F.3d 297, 299-300 (11th Cir. 1995)(government's failure to inform FTCA claimants that their administrative claim was legally insufficient was "inaction," not "affirmative misconduct," did not go beyond mere negligence, and did not give rise to estoppel).

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the motions to dismiss filed by the United States (Doc. # 4 in both cases) be GRANTED, and that plaintiffs' claims be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 10, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 25th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE