March 6, 2008

United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

RECEIVED

2008 MAR 10 A 10: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Attn: Susan Russ Walker
     United States Magistrate Judge

RE: SM 2007 000341     Action No. 3:07-CV-1091-WKW
     SM 2007 000342     Action No. 3:07-CV-1092-WKW

This is a response to the recommendation of the Magistrate Judge done on February 25, 2008.

1. According to Corp. V United States, 690 F.2nd 7211 (9th Cir. 1982), the requirement that a claimant must present an administrative claim and receive a denial or wait for six months to pass before filing suit only applies when suit is filed against the United States. The administrative claim requirements of 28 U.S.C. §2675 (a) and the time limitations of 28 U.S.C. § 2401 (b) do not apply if a suit is commenced directly against a government employee for actions taken while in the scope of his (or her) office or employment. The Westfall legislation passed in 1988, amended 28 U.S.C. §2679 to allow for the substitution of the United States as a defendant in place of an individual employee sued for actions within the scope of his (or her) employment. Once the United States is substituted for the individual employee, if the suit is dismissed for failure to file an administrative claim, the claimant will have 60 days after dismissal of the action to present an administrative claim. Thereafter, the claim will be considered timely if it would have been timely if it had been presented on the date of the underlying civil action was commenced 28 U.S.C. § 2679(d)(5).

2. According to Jurisdictional Preconditions To Suit on Administrative Claims available to the public, it is stated that an administrative claim should be presented on a government form called the Standard Form 95 (SF95). Filling out the form according to the instructions on the form should assure that all necessary information is provided. ***THE STAFF ATTORNEYS FOR THE APPLICABLE AGENCIES OR THE UNITED STATES ATTORNEY'S OFFICE WILL PROVIDE SF 95's FOR THE PRESENTATION OF ADMINISTRATIVE CLAIMS.*** The staff Attorneys for the Thrift Savings Program DID NOT PROVIDE US with a SF95 to file an administrative claim nor did they inform us that we needed to complete a SF95.. I have located and attached a copy of the completed SF 95 which has been mailed to Mr. Long to file our Administrative Claim.

3. The rules and regulations of the Federal Retirement Thrift Investment Board are published in the Federal Register. A review of these regulations did not show any documentation indicating that the tort claim process was the procedure required for participants who suffered a financial loss due to employee error and negligence. I did find a **DD Form 2851 Request to Correct Thrift Savings Plan (TSP) Agency Error**. The Federal Register Document Action also requested comments for **Correction of Administrative Errors** and **Lost Earnings Attributable to Employing Agency Errors**. Apparently this agency is seeking methods to correct errors without using the tort system. When I had written my letter to Mr. Long in September, I had hoped there would have been ways to communicate participant information so as to avoid errors for others in the future.

4. The TSP is a defined contribution plan with specific methods provided for withdrawals. As stated previously in various documents, *I followed the procedure outlined in (2) to request an age-based in-service withdrawal. There was only ONE REQUEST on November 22, 2006 with a fax providing the additional information (Withdrawal Date of January, 2007) which was not available for computer entry.* A reasonable person would have understood the tax implications and would have cared to complete the transaction in a correct manner. In managing the retirement investments of federal employees, the TSP employee has a duty to care and should have foreseen the financial damage caused by not honoring my request. **I was not notified of any concern of my one request nor was my husband notified of any duplicate request.** This failure to care about my investments shows negligence and my husband and I should be compensated for our loss.

Recommendation of the Magistrate Judge page 2 states mismanagement of my retirement account resulted in a tax liability of $16,621. This is apparently a typo error. My letter of January 14, 2008, item 6 states $10,621 per IRS 2006 tax table of married filing jointly on $70,000. The IRS 2007 tax booklets are now available, and calculations are listed to show the different tax results of reporting the $70,000 in 2006 and 2007.

FEDERAL:

| | | |
|---|---:|---:|
| 2006 Adjusted Gross Income (Includes $70,000) | $187,536 | |
| 2006 Taxes Paid | 29,001 | $29,001 |
| | | |
| 2006 Adjusted Gross Income (Minus $70,000) | $117,536 | |
| 2006 Tax that would have been due | 10,784 | -10,784 |
| 2006 Excess Taxes Paid | | $18,217 |
| | | |
| 2006 Taxes Paid | | $29,001 |
| 2007 Adjusted Gross Income (Includes $70,000) | $125,729 | |
| 2007 Taxes which would have been Due | 17,254 | -17,254 |
| | | |
| TAX OVER PAYMENT DUE TO $70,000 reported in 2006 | | **$11,747** |

My husband and I suffered a loss of $11,747 due to the incorrect processing of my 2006 age-based withdrawal.

Respectfully submitted this 6th day of March, 2008.

*Irene H. Wasserman*
Irene H. Wasserman

*Robert N. Wasserman*
Robert N. Wasserman

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit To Appropriate Federal Agency:
TSP Service Office
P.O. Box 385021
Birmingham, AL 35238
ATTN: Gregory Long

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Irene H. Wasserman
4554 Notasulga Rd
Tallassee, AL 36078

3. TYPE OF EMPLOYMENT: ☐ MILITARY ☒ CIVILIAN
4. DATE OF BIRTH: 02/29/39
5. MARITAL STATUS: M
6. DATE AND DAY OF ACCIDENT: 11/28/06
7. TIME (A.M. or P.M.): AM

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

I used way #2 as directed in the General Information packet to request an AGE-BASED IN SERVICE Withdrawal on 11/22/06. AFTER Completing the computer entry, I Faxed a request to have the withdrawal completed in Jan, 2007. My directions were not followed and this resulted in an extra IRS tax liability of $11,747.

9. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
Income Tax Liability Increase of $11,747

10. PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| N/A | |

12. (See instructions on reverse) AMOUNT OF CLAIM (In dollars)

| 12a. PROPERTY DAMAGE Loss of Income $11,747 | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)
Irene H. Wasserman

13b. Phone number of signatory: 334-283-6271
14. DATE OF CLAIM: 3/6/08

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
NSN 7540-00-634-4046
STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2